The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on March 31, 1994.
2. The defendant was a duly qualified self-insured for purposes of workers' compensation insurance.
3. The plaintiff's average weekly wage was $454.02, which yields a weekly compensation rate of $302.70.
4. The issues for determination are:
 a. Whether plaintiff sustained a compensable injury on or about March 31, 1994.
 b. If plaintiff sustained a compensable injury, to what benefits is he entitled?
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a thirty-five year old male with a high school diploma, who had been employed with defendant since July 1, 1991 as a selector in the warehouse.
2. As a selector, plaintiff's duties involved pulling cases of food and other products from shelves in the warehouse, stacking cases on a pallet, and using a pallet jack to transport the pallet of cases of items to be loaded the truck. On average, plaintiff handled 250 cases per hour.
3. In 1992, the plaintiff had a prior work-related back injury which was treated as a back strain by Dr. Farrington. The plaintiff was out of work for one day due to this injury.
4. On March 31, 1994, the plaintiff experienced a sharp pain in his back after bending over and picking up two double cases of twelve-ounce cans.
5. Plaintiff's regularly scheduled days off were April 1 and 2, 1994. However, after rest and applying heat did not ease plaintiff's back symptoms, plaintiff telephoned Brian Stokes, warehouse manager, to report the back injury on April 5, 1994. Mr. Stokes instructed the plaintiff to seek treatment from Dr. Farrington.
6. On April 6, 1994, the plaintiff went to the Salisbury-Rowan Medical Center, where he was treated by Dr. Robert McNeill for complaints of low back pain which radiated down his right buttock and posterior thigh. Plaintiff reported an onset radiating pain of twenty-four hours in duration, which had been the reason for the doctor visit. Dr. McNeill diagnosed plaintiff as having lumbar strain and sciatica; and on April 11, 1994, he referred plaintiff to orthopaedist Dr. William Mason.
7. On April 21, 1994, the plaintiff was seen by Dr. Mason at which time the plaintiff related a history of the injury and his prior injury and treatment. Dr. Mason suspected a herniated disc at L4 or L5, and ordered a CT scan. The scan revealed a bulging disc at L5-S1, for which Dr. Mason recommended medication and, possibly, epidural blocks.
8. On April 28, 1994, the plaintiff moved to Clifton, Tennessee, to live with his family. The plaintiff self-referred to Dr. Donald Fowler, who was the only doctor in Clifton, on August 23, 1994. Dr. Fowler referred plaintiff to an orthopedist in Nashville. However, the plaintiff was unable to keep the appointment for financial reasons.
9. The plaintiff was authorized to remain out of work from April 6, 1994 through April 18, 1994 by Dr. McNeill.
10. The plaintiff returned to North Carolina on December 28, 1994; however, he has not returned to work due to continued back pain and numbness in his right leg.
11. Since returning to North Carolina, the plaintiff sought additional medical care with Dr. Mason, but his office cancelled the visit due to his having outstanding bills with Dr. Mason.
12. While in Tennessee, the plaintiff earned wages of $5.00 per hour for a 28 hour week at Code West Boot Factory in Waynesboro. The plaintiff performed this job in November of 1994.
13. Although the plaintiff reported his injury to Randy McQuire on April 6, 1994, the I.C. Form 19 was not prepared until April 22, 1994, and was not filed with the Commission until April 28, 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by specific traumatic incident arising out of and in the course of his employment on March 31, 1994 when he lifted two double cases. N.C. GEN. STAT. § 97-2 (6).
2. As a result of the compensable injury, the plaintiff is entitled to temporary total disability compensation at the rate of $302.70 per week from April 1, 1994 through October 31, 1994, and from December 1, 1994 to the present and continuing until such time as the plaintiff is found to be at maximum medical improvement and is released to return to work, or until further order of the Commission. N.C. GEN. STAT. § 97-29.
3. The plaintiff is entitled to temporary partial disability compensation for the time in November of 1994 at which he was employed with Code West at an average weekly wage of $140.00. Defendants shall pay two-thirds of the difference between $454.02 and $140.00 for the time which plaintiff was employed in Tennessee.
4. The plaintiff is entitled to medical compensation for expenses incurred, or to be incurred, as a result of the March 31, 1994 injury by specific traumatic incident.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee, defendant shall pay to the plaintiff temporary total disability compensation at the rate of $302.70 per week for the periods from April 1, 1994 through October 31, 1994, and December 1, 1994 and continuing until such time as plaintiff returned to work or until further order of the Commission. Such compensation as has accrued shall be payable to plaintiff in a lump sum.
2. Subject to a reasonable attorney's fee, defendant shall pay temporary partial disability compensation to the plaintiff for the time plaintiff was employed at Code West, at a rate of two-thirds of the difference between $454.02 and $140.00. This compensation has accrued and shall be payable to plaintiff in a lump sum.
3. A reasonable attorney's fee of twenty-five percent of compensation awarded in paragraphs 1 and 2 above is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel. With respect to continuing benefits awarded under paragraph 1, every fourth compensation check shall be payable to counsel.
4. Defendant shall pay medical expenses incurred, or to be incurred, as a result of the March 3, 1994 injury, including treatment by Dr. McNeill, Dr. Mason, and Dr. Fowler. Defendant shall continue to provide medical compensation for the plaintiff.
5. Defendants shall pay the costs.
* * * * * * * * * * *
IT IS FURTHER ORDERED that defendant shall pay a fine of $25.00 pursuant to N.C. GEN. STAT. § 97-92 (3) for their failure to file a Form 19 within five days after knowledge of accident to the employee-plaintiff, as required by law.
* * * * * * * * * * *
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 3/21/96